**In re Request for Approval of Findings of Fact, Conclusion and Order and for Denial of a Request for Contested Case Hearing and Issuance of a Permit Regarding the Proposed NORTHERN STATES POWER COMPANY (NSP) WILMARTH INDUSTRIAL SOLID WASTE INCINERATOR ASH STORAGE FACILITY.**

No. C6–89–1892.

Supreme Court of Minnesota.

Aug. 31, 1990.

Rehearing Denied Oct. 18, 1990.

Michael J. Ahern, Minneapolis, for appellant.

Dwight Wagenius, Sp. Asst. Atty. Gen., St. Paul, for MPCA.

Michael D. Madigan, Minneapolis, for Katy Wortel & MCCPEQ.

Timothy H. Butler, Mary P. McConnell, Lindquist & Vennum, Minneapolis, for amicus curiae.

WAHL, Justice.

We granted the petitions of the Minnesota Pollution Control Agency and Northern

States Power Company to review an unpublished decision of the court of appeals reversing a decision of the MPCA that denied the request of the Minnesota Citizens Concerned with Protecting Environmental Quality (hereafter MCCPEQ) for a contested case hearing and issued a permit for the construction and operation of a refuse-derived fuel ash storage facility. We reverse.

In our view, while there are obvious factual distinctions, the question of entitlement to a contested case hearing is governed by our recent decision in *Matter of Air Emission Facility Permit,* 454 N.W.2d 427 (Minn.1990). There, we considered and discussed Minn.R. 7001.0130, subp. 1 (1989) and concluded that it was "simply not enough to raise questions or pose alternatives without some showing that evidence can be produced which is contrary to the action proposed by the agency." *Id.* at 430. In this regard, the MCCPEQ has not sustained its burden of demonstrating entitlement to the contested case hearing.

Our review of the extensive record developed during the course of the multiple proceedings prior to issuance of the permit leads to the conclusion that the agency decision was supported by the requisite substantial evidence. *Id.* (citing with approval *Reserve Mining Co. v. Herbst,* 256 N.W.2d 808, 825 (Minn.1977)). Moreover, the MCCPEQ was actively involved throughout the proceedings, submitting considerable dates and raising concerns about each aspect of the permitting process and its results.

Because the record demonstrates substantial evidence to support MPCA's permit decision and because the record does not demonstrate entitlement to a contested case hearing, the decision of the court of appeals is reversed.

Reversed and permit reinstated.